1

2  THE VANDEVELD LAW OFFICES, P.C.
   *Mr. Curtis C. Van de veld, Esq.*
3  Restored Historic Dungca House, Second Floor
   123 Hernan Cortes Avenue
   Hagåtña, Guam 96910
4  Telephone:    Hagåtña Office 671.472.4396
                 Home Office 671.477.2020
5                Cellular 671.488.0888
                 Facsimile: (671) 472-2561
6  Email:   curtis@vandeveldlawguam.com or
            curtisguamlawyer@hotmail.com
7
   **Responding Party, Pro Se**
8

# FILED
## DISTRICT COURT OF GUAM

### JUN 25 2010

### JEANNE G. QUINATA
### CLERK OF COURT

# IN THE UNITED STATES OF AMERICA

# DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Case No. CIV10-00014 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **RESPONSE TO UNITED STATES'** |
| ) | **APPLICATION FOR A WARRANT** |
| $30,000.00 IN UNITED STATES ) | **OF ARREST *in rem* PURSUANT TO** |
| CURRENCY, ) | **COURT ORDER** |
| ) | |
| Defendant. ) | |
| ———————————————————— ) | |

COMES NOW Responding Party Mr. Curtis C. Van de veld, Esq., Pro Se, (hereinafter referred to as "CCV") to make a RESPONSE TO UNITED STATES' EX PARTE APPLICATION FOR A WARRANT OF ARREST *in rem* PURSUANT TO COURT ORDER on the bases and grounds more fully set forth herein in the following Memorandum of Points and Authorities.

STATEMENT OF FACTS

On January 14, 2010 at near 4:30 p.m., I was contacted by Kenrick Gajo that he was in police custody at the Tiyan offices of the Guam Police Department Criminal investigation section.

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                    Page 1
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST *in rem* PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 1 of 21

I immediately left my office and went to that location. I conferred with Mr. Gajo and with police officers. I learned that the police had a search warrant issued by the Superior Court of Guam authorizing officers of the Guam Police Department (hereinafter referred to as "GPD") to search Mr. Gajo's residence and automotive repair facility for suspected evidence of violations of the Guam Controlled Substances Act and to seize drugs, evidence supporting criminal conduct and fruits of drug activity. I then had private discussions with Mr. Gajo concerning his rights, exposure to punishment and options.

After consulting with Mr. Gajo for approximately two hours[1], I discussed with GPD officers their objectives. GPD officers informed me that they wanted cooperation from Mr. Gajo concerning a substantial drug target believed known by Gajo and other information concerning GPD officers involved in the distribution of drugs known to Gajo. GPD officers informed me that they had used a ruse to lure Mr. Gajo from his shop so as not to be noticed. I then returned and informed Mr. Gajo about the objectives of GPD. After long discussion and contemplation, Mr. Gajo decided that he would cooperate with GPD and could provide information concerning the perpetrator of an unsolved homicide. We commenced to negotiate a Plea Agreement for protection of Mr. Gajo and Mr. Gajo's property interests. GPD officers contacted the Chief Deputy Attorney General of Guam Mr. Philip J. Tydingco. Mr. Tydingco arrived at GPD's Tiyan offices at near 11:00 p.m. and negotiations occurred. When Defendant proposed terms, Mr. Tydingco rejected some terms and an ultimate agreement was reached that was beneficial to both the government and

---

[1] Due to Guam Rules of Professional Conduct Rule 1.6 Responding Part is limited to the scope of disclosure made here, though more full and complete disclosure will be made is necessary to protect Responding Party's interest to the extent the Rule allows at time of hearing.

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                    Page 2
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST in rem PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 2 of 21

defendant and a wise and prudent arrangement for both. I asked Mr. Tydingco if we needed federal approval of the agreement and he stated, "No, this is our matter." Mr. Tydingco prepared the Plea Agreement on a computer at GPD and presented it to me and my client for review and endorsement. After private review, Mr. Gajo signed the agreement. A true and correct copy of the Plea Agreement is attached hereto as "Exhibit A," and incorporated herein by this reference. Following the endorsement of the Plea Agreement, GPD officers interviewed Mr. Gajo in support of his cooperation. Thereafter we went to search Mr. Gajo's residence and auto shop. While at the automotive shop, Mr. Gajo gave to GPD officer Frank M. Santos a backpack containing drug proceeds. Officer Santos took custody of the property, counted out the sum of Thirty Thousand Dollars ($30,000.00) and presented the funds to me. A GPD Evidence/Property Custody Receipt (herein "Custody Receipt") was prepared by Officer Santos. A true and correct copy is attached hereto as "Exhibit B," and incorporated herein by this reference. I did not receive any money from Mr. Gajo that evening or thereafter. The only funds I have received were given to me by GPD. My duties that night and early morning concluded at Tiyan GPD offices at around 5:45 a.m. Then and until my replacement, I provided numerous hours of services to Mr. Gajo on the promise made in the Plea Agreement Exhibit B.

Almost immediately after the signing of the Plea Agreement Exhibit B, information about Mr. Gajo's arrest and cooperation leaked into public knowledge. Mr. Gajo and I informed GPD of the leaks and despite substantial efforts neither Mr. Gajo or I were able to have GPD cure the problem.

On March 1, 2010, I received a phone call from Assistant United States Attorneys Jeffrey Strand and Karon V. Johnson, wanting to meet with my client under his "so called Plea

Agreement" and faxed to me a copy under a cover sheet, a true and correct copy of which is attached hereto as "Exhibit C." That same day, Mr. Gajo replaced me as his counsel. Attached hereto as "Exhibit D" is a true and correct copy of a letter from Attorney David J. Lujan so informing me and demanding that I give Mr. Lujan the money received under the Plea Agreement, incorporated herein by this reference. I have not paid the money to Mr. Lujan as the fee was a fixed fee completely earned when paid by the government of Guam on January 15, 2010. Since January 15, 2010, and before being informed of potential federal forfeiture proceedings I spent the funds received on my regular expenses. Those funds were fully spent in March 2010.

ARGUMENT

### A. GUAM AND THE FEDERAL GOVERNMENT ARE THE SAME SOVEREIGN.

Guam is an unincorporated territory of the United States continuing to operate under the supervision of the United States. In Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907). There the United States Supreme Court stated,

> When a territorial government enacts and **enforces** criminal laws to govern its political inhabitants, it is not acting as an independent political community like a State, but as "an agency of the federal government." Domenech v. National City Bank, 294 U.S. 199, 204-205, 55 S.Ct. 366, 369, 79 L.Ed. 857. Thus a federal Territory and the Nation, as in a City and a State, "[t]here is but one system of government or laws operating within [its] limits." Benner v. Porter, 9 How. 235, 242, 13 L.Ed. 119. City and State, or Territory and Nation, are not two separate sovereigns to whom the citizens owe separate allegiance in any meaningful sense, but one alone. (Bold typeface added here for emphasis.)

> See also, Guam v. Okada, 715 F.2d 1347 (9th Cir. 1983) and Sakamoto v. Duty Free Shoppers, Ltd., D.C.Guam 1983, 613 F.Supp. 381, aff'd. 764 F.2d 1285, cert. den. 106 S.Ct. 1457, 89 L.Ed.2d 715 (Because Guam is an unincorporated territory having only powers given it by Congress, it is in essence an instrumentality of the federal government.)

/ / /

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                    Page 4
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST in rem PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 4 of 21

## B. CURTIS C. VAN DE VELD, ESQ. IS AN INNOCENT OWNER

Curtis C. Van de veld ("CCV") is an "innocent owner of the funds at issue ("Funds"). Property belonging to an innocent owner is not subject to arrest and forfeiture. "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statue." 18 USC § 983(d)(1).

CCV is an innocent owner of the Funds since the Government of Guam ("GovGuam") had a legal right to seize, forfeit and to use the Funds. See, 9 GCA §67.501 *et seq.*. CCV obtained the Funds directly from GovGuam (See "Exhibit A") as part of a Plea Agreement between Kenrick O. Gajo ("Gajo") and GovGuam (herein "Plea Agreement"). (*See*: "Exhibit B.")

Pursuant to the terms of the Plea Agreement Exhibit B, Gajo delivered his drug proceeds to GovGuam and consented to its forfeiture. In return, amongst other benefits expected by Gajo, GovGuam agreed to pay Gajo's attorney the sum of $30,000 for Gajo's attorney's fees, provided GovGuam was satisfied with Gajo's cooperation.

After being satisfied with the Gajo's cooperation, and pursuant to the Plea Agreement, GovGuam then paid CCV a portion of the forfeited funds which are currently at issue here. (*See*: "Exhibit A").

1. **GovGuam Had a Legal Right to Seize and Forfeit the Funds**: Guam has a forfeiture statutory scheme that copies portions of the Federal code. See 9 GCA §67.501 *et seq.*. Under this statutory scheme, GovGuam has the right to seize and forfeit to itself all drug proceeds in Guam. *Id.* The Guam statutory scheme further provides that seized drug proceeds is ceded to the agency making the seizure. "…[A]ll proceeds traceable to such exchange, and all moneys, negotiable instruments, securities used or intended to be used to facilitate any violation of this Act, **shall be**

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                    Page 5
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST *in rem* PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 5 of 21

**forfeited to the criminal justice agency making the seizure;"**. (Emphasis Added). See 9 GCA § 67.502.1(a)(6).

2. **GovGuam Had a Legal Right to Official Use of the Forfeited Funds**: Guam's statutory scheme allows the agency seizing the funds to use the seized and forfeited funds "for official use". 9 GCA § 67.502.1(d). The Guam Police Department ("GPD") seized the Funds and Gajo consented to its forfeiture. GPD used a portion of the forfeited funds to implement the terms of the Plea Agreement; an official use of the Funds. (*See*: Exhibit A, Custody Receipt transferring the Funds to GPD , GPD's acceptance of Funds, and GPD's transfer of the Funds to CCV.) Under Guam's forfeiture statutes, whichever law enforcement agency of GovGuam seizes the cash first may use it after forfeiture is effected. 9 GCA §67.502.1(d). Thus GovGuam lawfully used the forfeited funds to support and implement the terms of the Plea Agreement.

3. **After Drug Proceeds are Seized, Forfeited and Used by GovGuam the Justice Department Has no Further Right to Forfeiture of Said Funds**: When seized and forfeited funds have been used by GovGuam, no further seizure may be effected. It is axiomatic that after funds are forfeited to a government entity with the right to seize and use said funds, the funds can no longer be described as drug proceeds subject to forfeiture. CCV obtained the Funds from GovGuam who had a legal right to seize, forfeit and to own the Funds and to use it. No illegal taint remained associated with Funds when CCV received it from GovGuam – the Funds were GovGuam property and no longer that of the defendant Gajo, and therefore, were no longer drug proceeds subject to forfeiture or arrest. It is axiomatic that once the funds are in government possession the passage of the funds to the government discontinues the forfeitable character of the funds and the persons or entities to which the government passes the funds are an innocent owner.

Moreover, when a forfeiture is effected and abandoned by returning the property to a claimant, a new forfeiture cannot be effected as is being attempted now. The Big Ann, 13 U.S. (9 Cranch) 289, 290, 3 L.Ed. 734 (1815).

The warrant is therefore improper and should be quashed.

## C. THIS COURT LACKS JURISDICTION

1. **The Superior Court Maintains Jurisdiction over the *Res*:** The Funds were the subject of a Superior Court of Guam warrant. The Funds were seized and forfeited to GovGuam pursuant to the Plea Agreement for a Superior Court of Guam action. Under these circumstances, the Superior Court of Guam established jurisdiction over the Funds and continues to maintain its jurisdiction over the Funds in order to implement the terms of the Plea Agreement. Scarabin v. DEA, 966 F.2d 989, 993 (5th Cir. 1992).

> From the moment of seizure the state district court had exclusive control over the *res* by virtue of issuing the search warrant that procured the seized funds and never relinquished that control to the DEA or any other agency or person. A federal agency cannot obtain jurisdiction over the *res*—and thus cannot find the *res* administratively forfeit- -when a state court obtains jurisdiction first and never relinquishes that jurisdiction.

*Id.*.

This Court cannot therefore exercise concurrent *in rem* jurisdiction over the same *res* as the Superior Court of Guam. "A common-law rule of long standing prohibits a court, whether state or federal, from assuming *in rem* jurisdiction over a *res* that is already under the *in rem* jurisdiction of another court." USA v. One 1985 Cadillac Seville, and $434,097.00, 866 F.2d 1142, 1145 (9th Cir. 1988).

> The basic requirement of jurisdiction *in rem* (and *quasi in rem,* for that matter) is that a court must have exclusive possession or control over the property in order to consider the suit and grant or deny the relief sought. (Fn omitted). The long-accepted purpose of this rule is to avoid conflicts in the administration of justice and the unseemliness of two courts vying

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                    Page 7
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST *in rem* PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 7 of 21

simultaneously for control of the same property. (Fn. omitted). The need for this rule is in no way diminished, nor the conflict any less unseemly, when, as here, a state court is the first to obtain the power to dispose of property seized pursuant to its warrant and subsequently a federal agency attempts to assert power over the same property in order to find it forfeit to the United States.

Scarabin v. DEA, 966 F.2d 989, 994 (5th Cir. 1992).

The Superior Court has never relinquished control or jurisdiction over the Funds. Without such a relinquishment of control, this Court cannot exercise jurisdiction of the same *res* which remains under Superior Court jurisdiction.

2. **The Res Cannot be Placed Under this Court's Exclusive Control**: The Funds have been dissipated. Therefore, no *in rem* jurisdiction can be maintained over the Funds. "The clear modern consensus is that defendant is not liable in detinue if he transfers the property in good faith before the action commences, regardless of whether the transfer occurs by operation of law or is a voluntary one." USA v. Moffitt, 875 F.Supp. 1190, 1199 (1995).

A civil forfeiture proceeding is an action *in rem,* and the court must have actual or constructive control of the *res* when a forfeiture proceeding is initiated. Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 84-87, 113 S.Ct. 554, 558-59, 121 L.Ed.2d 474 (1992). That has not occurred and cannot occur in this action and the Funds were dissipated before this case commenced.

Therefore this Court lacks jurisdiction to proceed *in rem.*

### D. GOVGUAM HAS COMPROMISED THE FORFEITURE RIGHTS HERE AT ISSUE BY PLEA AGREEMENT AND THAT PLEA AGREEMENT MUST BE ENFORCED.

The Ninth Circuit Court of Appeals in an *en banc* opinion in Buckley v. Terhune, 441 F.3d 688 (9th Cir. 2006) held,

Under <u>Santobello v. New York, 404 U.S. 257, 261-62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)</u>, a criminal defendant has a due process right to enforce the terms of his plea agreement. *See also* <u>*Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003)*</u> ("[The defendant's] due process rights conferred by the federal constitution allow [him] to enforce the terms of the plea agreement.").

The line of cases following *Santobello, supra,* <u>In re Arnett</u>, 804 F.2d 1200, 1203 (11th Cir. 1986), <u>United States v. Bank of New York</u>, 14 F.3d 756 (2nd Cir. 1994), <u>Schwartz v. United States</u>, 976 F.2d 213 (4th Cir. 1992), and <u>United States v. De La Mata</u>, 535 F.3d 1267 (11th Cir. 2008), make clear that the terms of plea agreements effecting forfeiture actions are as enforceable as any other term of a plea agreement.

Kenrick Gajo entered into a Plea Agreement with the federal government – GovGuam (See argument at Section A, and <u>Grafton</u>, *supra*, Territorial government and federal government are the same sovereign for purposes of enforcement of laws), which required the government would forfeit the money Gajo would lead them to discover and in return the government agreed " The Government will not seek criminal or civil forfeiture of Gajo's real property, bank accounts, the cash in is (sic 'his') wallet at the time of his arrest, his or his wife's vehicles, automotive shop or personal property not contraband." (See Exhibit B Plea Agreement page 2, item 9.C.) "The Government further agrees that only $30,000.00 out of the $140,000.00 to $150,000.00 or more of cash whose location will be provided to the Government during its search will not be subject to forfeiture in order for that amount ($30,000) to be used to pay his (Gajo's) attorney fees. (See Exhibit B Plea Agreement page 2, item 9.D.) These conditions were subject to a condition precedent that Gajo cooperate and assist the government to arrest and prosecute Gajo's drug source, a person involved in a 1998 homicide to a level of success as solely determined by the government. (See Exhibit B Plea Agreement page 1, item 9.) After debriefing Gajo about his

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                      Page 9
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST *in rem* PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 9 of 21

knowledge of the criminal matters described in the Plea Agreement, during which Gajo made statements that disclosed his and others unlawful activities to law enforcement, the government proceeded to conduct the search of the premises. After confiscating to its possession the Funds as demonstrated by the Custody Receipt Exhibit A, the government paid the sum of $30,000.00 to CCV. Such payment was recognition that Gajo had performed his bargain for the government and was then entitled to its performance. The fact that Gajo cannot now provide further assistance is the result of publicity of Gajo's cooperation by the leak of information by GPD and the forfeiture actions brought by the United States. However, Gajo is entitled to enforce the promise of the Plea Agreement as well as CCV the intended Third Party beneficiary of the contract. (*See Buckley supra*, "a negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles." *Id.*, at 695. " In Buckley's case, only one of the remedies appears to us to be viable. Buckley has already fulfilled his obligations under the plea agreement, ... In so doing, he has "paid in a coin that the state cannot refund. [citation omitted.] Rescission of the plea agreement cannot repair the harm caused by the ... breach." *Id.*, at 699.)

In the instant matter based on the promises in the Plea Agreement Exhibit B, Gajo 'paid in a coin' in cooperation which cannot be given back. So too, CCV provided services as counsel and Third Party Beneficiary which cannot be given back, at least not without Gajo be forced to pay the fees from his own resources all to the breach of Gajo's agreement unless GovGuam pays his fees from some other source of money simultaneous to the taking by forfeiture instantly contemplated.

Due Process rights of both Gajo as a defendant and CCV as a Third Party Beneficiary require that the Plea Agreement must be enforced in the manner that Mr. Tydingco on behalf of the single sovereign federal government has promised. Neither Gajo nor CCV should be subjected to

suffer the harms arising from this turf war between the Department of Justice federal government and the Territorial federal government GovGuam.

CONCLUSION

For the reasons stated above, this court lacks jurisdiction over this matter and if it had jurisdiction is required to enforce the Plea Agreement Exhibit B. CCV is an innocent owner of the Funds and the court should say as much in protection of the Due Process rights of both Gajo and CCV. The federal government has compromised its rights to forfeiture through its Territorial servant Chief Deputy Attorney General Philip J. Tydingco and therefore this action violates the rights of Gajo and CCV.

DATED: Friday, June 25, 2010.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Responding Party, Pro Se

**VERIFICATION**

I, Curtis C. Van de veld, Esq., hereby declare and state that I have read the foregoing document and its contents, that I state the facts therein of my own personal knowledge and belief

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                                Page 11
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST *in rem* PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 11 of 21

under penalty of perjury of the laws of Guam and the United States and further declare that I am competent to testify to the same if called upon to do so.

DATED: Friday, June 25, 2010.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Responding Party, Pro Se

## CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on Friday, June 25, 2010, via hand delivery at the following address:

**Ms. Karon V. Johnson, Esq.**
Assistant U.S. Attorney
U.S. Attorney's Office, District Of Guam
Criminal Division, 6th Floor, Sirena Plaza
108 Hernan Cortes Avenue
Hagåtña, Guam 96910

Dated: Friday, June 25, 2010.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Responding Party, Pro Se

UNITED STATES OF AMERICA v. $30,000.00 IN UNITED STATES CURRENCY                Page 12
RESPONSE TO UNITED STATES' APPLICATION FOR a WARRANT OF ARREST *in rem* PURSUANT TO COURT ORDER

Case 1:10-cv-00014   Document 6   Filed 06/25/10   Page 12 of 21

Responding Party "Exhibit A"

# GUAM POLICE DEPARTMENT
## EVIDENCE/PROPERTY CUSTODY RECEIPT

| 1. CLASSIFICATION | 2. CASE No. | 3. DIVISION | 4. PROPERTY No. | 5 LAB No. |
|---|---|---|---|---|
| Confiscated Contraband | ky09-35168 | CIS | | |

| 6. NAME OF PERSON FROM WHOM PROPERTY IS OBTAINED | 7. ADDRESS |
|---|---|
| ☒ OWNER Kenrick ~ Gajo <br> ☐ OTHER <br> -1991 | Lot-1 Block-1 Rt. 16 Bello Rd., Barrigada <br><br> 8. PHONE: (H)_____ (W)_____ |

9. LOCATION OF PROPERTY WHEN OBTAINED

Within south container office of aforementioned address.

10. PURPOSE FOR WHICH OBTAINED   ☒ EVIDENCE   ☐ FOUND   ☐ IMPOUNDED

☐ ANALYSIS (Attach Evidence Analysis Request Form, G.O. 85-11)

☐ OTHER (Specify) _____

11. DATE/TIME OBTAINED
1/15/10
2:45am

| 12. ITEM NO. | 13. QUANTITY | 14. DESCRIPTION OF PROPERTY | 15. DISPOSAL ACTION |
|---|---|---|---|
| 1 | 1 | $30,000 U.S. Currency, $20.00 denominations. <br> RS ——— NOTHING FOLLOWS ——— RS | |

### 16. CHAIN OF CUSTODY

| ITEM NO. | DATE & TIME | RELINQUISHED BY | RECEIVED BY | PURPOSE OF CHANGE OF CUSTODY |
|---|---|---|---|---|
| #1 | 1/15/10 2:45am | Name (type or print) KENRICK GAJO <br> Signature | Name (type or print) S/A F.M. Sortos #696 <br> Signature | |
| #1 | 1/15/10 2:48am | Name (type or print) S/A F.M. Sortos #696 <br> Signature | Name (type or print) Curtis Vandeworld <br> Signature Curtis Van | |
| | | Name (type or print) <br> Signature | Name (type or print) <br> Signature | |

CHAIN OF CUSTODY CONTINUED ON REVERSE

| CLS | CS No. | PROP No. | LOC |
|---|---|---|---|

Responding Party "Exhibit B"

## PLEA AGREEMENT BETWEEN KENRICK O. GAJO AND THE PEOPLE/GOVERNMENT OF GUAM

Mr. Kenrick O. Gajo (Gajo) and his counsel, Mr. Curtis Van De Veld, Esq., and the People/Government of Guam (Government) hereby agree to the following terms and conditions:

    1.  Gajo shall be charged by the Government with two counts of possession with intent to deliver a schedule I, II, or III controlled substance (crystal methamphetamine or ice) as a First Degree Felony, which occurred on or about December 2009 and January 2010 in the Territory of Guam, and may face no more than fifteen (15) years imprisonment.

2.  Gajo however desires to cooperate and assist the Government with the investigation of his drug sources and cohorts, as well as with a homicide that occurred on or about 1998.

3.  Gajo's cooperation and direct assistance includes but is not limited to the following:

4.  Gajo shall provide truthful information and full disclosure to the Government about of his knowledge of criminal conduct involving himself and others, including Gajo's drug sources of crystal methamphetamine (ice) and the location of approximately $140,000 to $160,000 cash or more related to his involvement with the distribution and/or sale of said controlled substances.

5.  Gajo shall provide truthful information and full disclosure to the Government about his knowledge of criminal conduct related by one or more individuals involved in the 1998 homicide of a female found near Route 15.

6.  Gajo agrees to fully cooperate and provide direct assistance to the Government in its operation and investigation of the criminal offenses of paragraph 4 above (e.g., drug buys, recording, etc.)

7.  Gajo agrees to fully cooperate and provide direct assistance to the Government in its operation and investigation of the criminal offenses of paragraph 5.

8.  Gajo also agrees to consent to a search of his residence or home, vehicles, and his automotive shop for illegal drugs or controlled substances, drug proceeds, drug paraphernalia, firearms, or other contraband.

9.  If Gajo's cooperation and assistance leads to the arrest and prosecution of one or more of his drug sources, or the arrest and prosecution of one or more individuals in the aforementioned 1998 homicide, as determined solely by the Government, the People will agree to the following:

a. Gajo will only plead guilty to a possession of a Schedule I, II or III controlled substance (crystal methamphetamine or ice) as a Third Degree Felony,

b. Gajo will not serve jail or be imprisoned for the possession conviction above in a.

c. The Government will not seek criminal or civil forfeiture of Gajo's real property , bank accounts, the cash in is wallet at the time of his arrest, his or his wife's vehicles, automotive shop or personal property not contraband.

d. The Government agrees that only $30,000 out of the $140,000 to $150,000 or more cash whose location will be provided to the Government during its search will not be subject to forfeiture in order for that amount ($30,000) to be used to pay his attorney fees.

e. The Government agrees that use immunity will be provided to Gajo for any drug or drug related criminal offense, but no immunity of any sort for a homicide case.

SO AGREED this 15th day of January 2010:

PEOPLE/GOVERNMENT OF GUAM
OFFICE OF THE ATTORNEY GENERAL

BY:
DATE:  Jan 15, 2010

KENRICK O. GAJO

BY:
DATE:  1/15/10

CURTIS VAN DE VELD

BY:
DATE:+  Jan 15, 2010

# Responding Party "Exhibit C"

Department of Justice
United States Attorney's Office
District of Guam / Criminal Division

Sirena Plaza, Suite 500
108 Hernan Cortez
Agana, Guam 96910
(671) 472-7332

**LEONARDO M. RAPADAS**
**UNITED STATES ATTORNEY**



## Facsimile Transmission Cover Page

**TO:** _Curtis Van de Vell_

**FROM:** _Karen Johns_

U.S. Attorney's Office, District of Guam and NMI

**Sender's Phone:**   (671) 472-7332  ext. _____

**Sender's Fax:**   (671) 472-7334

**Recipient's Fax:**   _472-2561_

**Date:** _3/1/10_

**Pages:** _____ (includes cover sheet).

**Re:** _Plea agreement_

_____

_____

_____

_____

_____

**CONFIDENTIAL U.S. ATTORNEY FACSIMILE COMMUNICATION**

The information contained in this message, and any and all accompanying documents constitutes confidential information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

Responding Party "Exhibit D"

# LUJAN AGUIGUI & PEREZ LLP

## ATTORNEYS AT LAW

March 1, 2010

Curtis Vandeveld, Esq.,
Law Office of Curtis Vandeveld
167 East Marine Corps Drive
Suite 101 De La Corte Bldg.,
Hagatna, Guam 96910

Subject: Kenrick Gajo

Dear Curtis:

This is to inform you that I now represent Mr. Gajo in regards to the incident of January 14, 2010, and the alleged Plea Agreement executed surrounding the search of the auto repair shop and certain funds confiscated thereon. Henceforth, you are directed to have no further communication with Kenrick and Jolene Gajo, directly and indirectly, and any breach or attempt to communicate with either will be reported to the Ethics Committee.

Demand is hereby made that upon receipt of this letter you immediately deliver to my Office the sum of **Thirty Thousand Dollars ($30,000.00)** you received on January 15, 2010 allegedly as your legal fee. Failure to do so will compel me to report this matter to the Ethics Committee.

Sincerely,

DAVID J. LUJAN

DJL/c