DOA.RES

ALICIA A. G. LIMTIACO
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

JUN 28 2010

JEANNE G. QUINATA
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> $30,000.00 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) | CIVIL CASE NO. 10-00014 <br><br> **UNITED STATES' RESPONSE CONCERNING FORFEITURE** |

None of Mr. Van De Veld's argument have merit, because the action of the Guam Deputy Chief Attorney General in turning over $30,000.00 in drug proceeds to Mr. Van De Veld, was *ultra vires*. It was illegal, and hence void *ab initio*.

"A contract made by public officers who do not have authority to make it, or an ultra vires contract, is void and unenforceable ..." 73A C.J.S. Public Contracts § 8. "The doctrine of equitable estoppel should not be applied against a governmental entity when the alleged representations or conduct relied upon were ultra vires or in conflict with applicable law." 31 C.J.S. Estoppel and Waiver § 237. "A public act without legitimate force is indistinct under the law from an act that never was, or an act that has been voided." Gentry v. Deuth, 456 F.3d 687, 697 (6th Cir. 2006). "[A]nyone entering into an arrangement with the Government take the risk

-1-

of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. [T]his is so even though, as here, the agent himself may have been unaware of the limitations upon his authority." Pauly v. U.S. Dept. of Agriculture, 348 F.3d 1143 (9th Cir. 2003), *citing* Fed. Crop Ins. Corp. v. Merrill, 322 U.S. 380, 384 (1947).

Title 21, U.S.C. § 881(h), the "relation back" doctrine, provides that "All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." Section 881(c) provides that "Property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the Attorney General, subject only to the orders and decrees of the court or the official having jurisdiction thereof." The statute goes on to specify how such property should be physically handled, and requires that any forfeiture proceedings be in accordance with the customs laws, which are the Supplemental Rules for Certain Admiralty and Maritime Claims. Nothing allows any disposition of drug proceeds without the specific procedures prescribed by Federal law.

9 Guam Code Annotated § 67.502.1(a)(6) authorizes the forfeiture of the proceeds of drug trafficking. Section 67.502.1(b) allows seizures to be made without court order in certain circumstances, in particular with GPD has probable cause to believe the property is drug proceeds. Section 67.502.1(c) is very specific as to the disposition of such a seizure. The property "shall not be repleviable; but shall be deemed to be in the custody of the GPD or DPHSS only to the orders and decrees of the Court." (There appears to be an error in the statute, which should read "*subject* only to the orders and decrees of the Court.) In any event, any such property may be placed under seal or removed to a place designated. Nothing in Guam law allows the disposition of drug proceeds without a court order. Furthermore, § 67.502.1(d) prescribes how forfeited property may be distributed. GPD may retained the property for official use, sell it if appropriate and deposit the proceeds into the Special Assets Forfeiture Fund, dispose of it in accordance with law, or forward it to the DEA. Nothing in Guam law allows a

-2-

Case 1:10-cv-00014 Document 8 Filed 06/28/10 Page 2 of 3

representative of the Attorney General's office to peel off $30,000 and give it to a defense attorney as payment for his fees..

Counsel misstates an important fact when he says, "The Funds were the subject of a Superior Court of Guam warrant." That's the problem: there was no Superior Court warrant, because the Guam Attorney General never filed a forfeiture action against this property. Counsel cannot even say that the defendant was seized pursuant to a search warrant, because though GPD obtained a warrant for Gajo's property, it was never executed. The first court to assume jurisdiction was the District Court of Guam, pursuant to the Complaint of Forfeiture filed by the federal government. The plea agreement executed by the parties is not an order of forfeiture. Mr. Tydingco released the defendant res at 2:30 in the morning, while standing in Gajo's shop. He had no authority to do so. Accordingly, under either federal or Guam law, the release of this money was *ultra vires*, the plea agreement is void as to this matter, and the property is subject to forfeiture.

It is irrelevant that Mr. Van De Veld has spent the precise bills which he received that night. As stated in the government's memorandum, which was part of its application for a warrant of arrest, money is fungible. A check drawn against his bank account is an appropriate, fungible surrogate for the said defendant currency.

RESPECTFULLY SUBMITTED this  28th  day of June, 2010.

ALICIA A. G. LIMTIACO
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney